

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00057-CR

LARRY JERMAINE WIGENTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3 of Dallas County
Dallas County, Texas
Trial Court No. F-1371124-J

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

The Criminal District Court Number 3 of Dallas County,[1] Texas, has adjudicated Larry Jermaine Wigenton's guilt of the offense of robbery[2] based on the State's allegation that he violated the terms of his community supervision by committing the offense of possession of marihuana. Wigenton entered an open plea of "true" to the allegations in the State's motion to proceed with adjudication, and he signed a judicial confession and stipulation of evidence admitting that he had violated the terms and conditions set forth in the State's motion to proceed with adjudication. Consequently, the trial court adjudicated Wigenton's guilt, sentenced him to twenty years' imprisonment, and ordered him to pay $294.00 in court costs.

Wigenton's attorney on appeal has filed a brief which states that he has reviewed the record and has found no issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Wigenton has filed a pro se response in which he argues (1) that the trial court did not have jurisdiction to adjudicate guilt, (2) that the evidence was legally insufficient to establish his

---

[1]Originally appealed to the Fifth Court of Appeals in Dallas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Dallas Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]Pursuant to a negotiated plea agreement, Wigenton was originally placed on deferred adjudication community supervision for a period of five years and was ordered to pay a $3,000.00 fine.

ability to pay a fine and court costs,[3] (3) that the trial court abused its discretion in failing to withdraw his plea of true to the State's motion to proceed with adjudication, and (4) that counsel rendered ineffective assistance (a) in failing to warn him of the dangers of rejecting the negotiated plea agreement offered by the State during the adjudication proceedings, (b) in exposing him to the State's cross-examination after he decided to testify on his own behalf at the adjudication hearing in an attempt to convince the trial court to continue him on community supervision, and (c) in failing to put the State's case through the adversarial testing process.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record, as well as Wigenton's pro se brief and the State's response, and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). Therefore, we agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[3]We note that the trial court did not order Wigenton to pay a fine in its judgment adjudicating guilt and that a bill of costs supports the trial court's order to pay $294.00 in court costs.

We affirm the trial court's judgment.[4]


Josh R. Morriss, III
Chief Justice

Date Submitted:     January 2, 2015
Date Decided:       January 13, 2015

Do Not Publish

---

[4]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.